## Palmer v. Palmer.

*Divorce—Minor respondent—Guardian—Duty of master when minority of respondent and lack of guardian appear.*

1. If a respondent against whom a divorce is prayed for be a minor, there should be service of a subpœna upon a guardian, and notice to him of the hearing before the master, so that he may supervise and manage the presentation of a defence, if such there be.

2. Where a proceeding in divorce has been prosecuted against a minor respondent without guardian, general or *ad litem*, it is the duty of the master, as soon as the infancy of the respondent appears, to suspend further proceedings until a guardian shall be brought upon the record.

3. Where a master in divorce recommends a decree against a minor respondent without a guardian, the court, without adjudicating the merits of the case, will refuse to make the decree recommended by the master, and direct that all proceedings be stayed until a guardian shall legally be made a party for the purpose of representing the minor.

Master's report in divorce. C. P. Washington Co., Aug. T., 1923, No. 67.

A. *Kirk Wrenshall*, for libellant; George *Weaver*, for respondent.

BROWNSON, P. J., Jan. 28, 1924.—This case is not in such a shape that we can now pronounce in favor of libellant a binding and conclusive decree. All the proceedings subsequent to the filing of the libel are irregular and defective for want of a proper party upon the record to represent the interests of the respondent wife. It appears that she is a minor, and the libellant himself testified that at the time the testimony was taken she was sixteen years of age. He did not take any steps to cause her to be represented by a guardian, but proceeded to prosecute the action against herself alone. As a minor is capable of appearing and defending a legal action only by a guardian, general or *ad litem* (Mitchell *v.* Spaulding, 206 Pa. 221), and as it is necessary in a divorce action that service shall be had upon some party who has legal capacity to defend, there should be, if the spouse against whom the divorce is prayed for be a minor, service of a subpœna upon a guardian, so that he

may supervise and manage the presentation of a defence, if such there be: Crowthers v. Crowthers, 1 Wash. Co. Reps. 169. And such guardian should also be served with notice of the hearing before the master. Not only is a minor wife not legally presumed to be capable of protecting her interests, but if she be only sixteen years old, she is likely to be in actual ignorance of her rights. As soon as he discovered the infancy of the respondent, the master should have suspended further proceedings until a guardian would be brought upon the record.

In the case of Speicher v. Speicher, 67 Pitts. L. J. 696, it was held that one of the effects of the Act of June 11, 1879, § 2, P. L. 126, was to empower a deserted minor wife to sue in her own name for a divorce. If we assume that this result was intended, and that the qualifying words "in the same manner and with like effect as if she were sole and unmarried" do not manifest an intent to limit the scope of the enactment to a removal of the disability of marriage merely, but that it was designed, in the circumstances specified, to remove also the disability of infancy, and that the act has not been repealed by subsequent legislation, still by its terms that act could have no application to a case like the present.

And now, Jan. 28, 1924, the court, without adjudicating the merits of the case, refuse at present to make the decree recommended by the master, for the reason and upon the ground that there is upon the record no party legally capable of representing the interests of the infant respondent, and it is ordered that all proceedings be stayed until a guardian shall legally be made a party for the purpose of representing her.

From Harry D. Hamilton, Washington, Pa.